UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

---------------------------------------------- X     AMENDED COMPLAINT

Kevin Gill,     19- CV-142 (LDH) (SJB)

     Plaintiffs,     JURY DEMANDED

     - against -

POLICE OFFICER MALES - BOOKER, SANTIAGO,

SHIVA SOMRA #955521, RENE BERSAMIM #932327

DOMINIK MALLAMACI #940410, SERGEANT SCOTT

HAUG 920128, SERGEANT JOSEPH VERDERBER

#939652, SGT. ZAING, 1-3 JANE DOE(S) *(of the 73rd*

*Precinct)*

    Defendants,

----------------------------------------------X

RECEIVED AUG 06 2019 PRO SE OFFICE

Plaintiff, Kevin B. Gill, by Pro Se, file this complaint of the actions and procedures of the Defendants herein, P.O.M. BOOKER, P.OM. SANTIAGO, SHIVA SOMRA #955521, RENE BERSAMIM #932327 DOMINIK MALLAMACI #940410, SERGEANT SCOTT HAUG 920128, SERGEANT JOSEPH VERDERBER #939652, SGT. ZAING, 1-3 JANE DOE(S) *(of the 73rd Precinct)*

NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the Plaintiff by Common Law, under color of statue, ordinance, regulation, custom, treaties and/or to redress the deprivation of rights, privileges, and immunities secured to the Plaintiffs by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and by Title 42 U.S.C. § 1983 [ and § 1985 ], [ and arising under the law and statues of the City and State of New York ]. This "Amended" Version shall replace the previous complaint submitted on or around 12/12/2018.

1

## JURISDICTION

2. The jurisdiction of this court is invoked pursuant to 42 U,S,C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Seventh, Eight and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiff is at all times material herein a Sovereign of the United States and Member of the State of New York (hereinafter Plaintiff or *The People*). Plaintiff resides at **1519 E. New York av., Brooklyn NY 11212**

5. At all relevant times Defendants Police officers (hereinafter "Defendant officers") were, upon information and belief, and still are, agents and/officers employed by City of New York. The known address of the 73rd precinct is **1470 E. New York avenue, Brooklyn NY 11212**

6. At all times herein, the Defendant officers were acting under the color of their official capacity, and their acts were/are performed under the color of the statues and ordinances of the City of New York and/or the State of New York. The "City" is not included in this action.

7. Plaintiff is suing the Defendant officers in their individual and official capacities.

8. All of the Defendants, are alleged to be co-conspirators with each other, in that each agreed to participate and participated in the furtherance of the objective of a civil wrong as alleged in this Complaint.

9. Plaintiff is informed and believes and thereupon alleges that each Defendant entered into a conspiracy and agreement with the other. Defendants had subsequently joined said conspiracy and ratified the prior acts and conduct of the Defendants who had previously entered into said conspiracy. Plaintiffs are currently unaware of when each Defendant joined said conspiracy, and upon information and belief, alleges that all Defendants have knowingly, maliciously, and willfully

entered into said conspiracy, which continues until this day.

10. The purposes of this ongoing conspiracy include, but are not limited to, the wrongs alleged herein. All Defendants' acts and failures to act as alleged herein were perpetrated in furtherance of the ongoing conspiracy.

11. There are other co-conspirators not named as Defendants in this complaint, who may be called as witnesses.

12. Plaintiff is informed and believes and thereupon alleges that at all times material herein, each Defendant was completely dominated and controlled by his or her co-Defendants, each was the agent, representative, and alter ego of the others, and all aided and abetted the wrongful acts of the others.

13. Whenever and wherever this complaint refers to any act by a defendant or Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

14. Plaintiff is informed and believes and on that basis alleges that at all times material, each of the Defendants has acted as an employer and/or a joint employer within the meaning of 29 U.S.C. § 203(d).

15. Plaintiff is informed and believes and thereupon alleges that at all times material herein, each of the Defendants was the agent, employee and/or joint venture of, or working in concert with; co-Defendants, and was acting within the course and scope of such agency, employment, and/or joint venture or concerted activity.

16. To the extent that said conduct and omissions were perpetrated by certain Defendants, Plaintiff is informed and believes and thereupon alleges that the remaining Defendant and/or Defendants confirmed and ratified said conduct and omissions.

17. Whenever and wherever reference is made in this complaint to any act by a Defendant and/or Defendants', such allegations and references shall also be deemed to mean the acts and failures to

act of each Defendant acting individually, jointly, and/or severally.

18. Whenever and wherever reference is made to individuals who are not named as Defendants in this complaint but are or were employees/agents of Defendants, or any of them, such references shall be deemed to mean that such individuals at all relevant times acted on behalf of Defendants within the scope of their employment.

19. Plaintiff is of Aboriginal American ancestry is distinctly American Indian in appearance, dress, mannerisms and culture. Plaintiff is a Sovereign person who lives by common law and the laws of Nature. For clarity, in this Complaint (and following arguments), European, Asian and American will describe the ambiguous racial classifications. Caucasian, Spanish, Jewish describes types of Indo- Europeans. Caribbean, West Indian, Latino, Hispanic, African American and Negro are used to describe Americans. The terms "White", White Citizen, Natural, Private, American - all convey "ideal" social status. By contrast, the terms Black, vacant and squatter convey sub standard social status. Anytime the term(s) squatter, Black or vacant has been used by Defendants – it has been used to blacken or dehumanize Plaintiffs in order to deprive Plaintiff of life, liberty and property.

20. Plaintiff, having interacted with every Defendant, believes and therefore alleges that his race and ancestry were the primary reason for his cruel treatment and indignities suffered. Plaintiff is also informed that the Defendants classify themselves as Caribbean, Asian and Caucasian; Not as American Indian. At all times Plaintiff has done everything within his capacity to convey his Status as Private and/or Natural person living by Nature's Law and Common Law. At all times Plaintiff was intentionally treated as Black, Negro, African, Colored; not as "White Citizen", not as *The People*. At all times the suspected Illegal aliens Myrko Blazime and Walter Chaim were treated as "White Citizens."

### HISTORY AND TIMELINESS OF ACTION

21. This is the third complaint submitted by Plaintiff Gill concerning the real property known as 2362 Atlantic av. Brooklyn. Plaintiff was appointed caretaker and primary resident by alleged

owners on or around November 1, 2006. Plaintiff is now informed that the "owner of record" had been changed twice. Nevertheless, Robert Chivarro or Cyril Bridgewater has never resided on the property or accused Plaintiff Gill of residing on said property without permission. November of 2014, agents of the 73rd precinct began harassing Plaintiff Gill for being on the Property, even claiming to have spoken to the owner. Afterward, Plaintiff's ownership/residency of the property was challenged by agents of Silver Investors Inc., namely, Moshe Khan and Walter Chaim (aka Joseph Feder). On several other occasions, delineated on previous complaints, agents of Silver Investors attempted to physically injure and illegal evict Gill and his common law wife Sierra Whitley, from 2362 Atlantic av, Brooklyn. Cyril Bridgewater, the owner of record at the time was not present. Both times Plaintiff Gill and Sierra Whitley were evicted from their residence and arrested or sent to the psyche ward at Interfaith medical Center via an illegal arrest/involuntary psychiatric hold. On these dates March 2, 2015 and May 20th 2015, respectively, agents of Silver investors Inc. claimed to be the owners of 2362 Atlantic av. but were not. Before the attacks Plaintiff Gill had never saw or heard of any European Jews having rights to the property. On all three occasions the Defendants went beyond the scope of their authority and caused harm to Plaintiffs person, family and property.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

22. On January 21, 2016 early morning, one Myrko Bazlime, who had been harassing Plaintiff Concerning his property, knocked on Plaintiffs door. Plaintiff Gill opened his window to see who it was and was told to "open up! We gotta get in here!"

23. Plaintiff opened his door, using a baseball bat to unhinge the door latch. When Plaintiff opened his door Myrko Bazlime, an agent of Silver Investors Inc, ran and jumped in an automobile 20 feet away. Gill, sensing a "set up" then looked west to see a police patrol car turn east on Atlantic av. as if on cue. Not even enough time for Bazlime to even make a false report with 911.

24. Gill immediately went to meet the Patrol car to complain of Bazlime and his companion who was in

the drivers seat. The Patrol Car stopped two feet short of Plaintiff Gill and Defendant Booker Jumped out the passenger side with a firearm drawn and pointed toward Gill, screaming "drop the bat!." Gill exclaimed while pointing toward Myrko Bazlime "those guys are harassing me!" Defendant Booker again reiterated his threat of murder while screaming "drop the bat" Plaintiff thinking he was going to get killed then threw the bat down and asked Defendant officer "why are you pointing a gun at me?" Defendant Officer Booker pocketed his firearm while simultaneously drawing a weapon that he use to shoot Plaintiff in the eyes. A Stunned, blinded and physically impaired Plaintiff was then charged into by Defendant Booker and slammed into his front gate head first; causing Plaintiff to suffer a concussion and lost of a tooth.

25. Plaintiff was violently pinned and handcuffed by Defendant officers jane/John doe, then throw into the back of a police vehicle while crying for help because of the excruciating pain of his intensely burning eyes. Instead of being rushed to a hospital Plaintiff was told by Defendant Santiago and Jane/John Does to shut up.

26. Moments later, Defendant SGT Xaing then ordered Defendant Jane/John Does to break down Plaintiff's front door terrorizing Plaintiffs Common Law Wife and unlawfully trespassed on Plaintiff's Home, papers and effects. Defendant kicked the door down and Defendants John/Jane Does ran into Plaintiffs home and falsely imprisoned Whitley.

27. Defendants then allowed Walter Chaim (AKA Joseph) and his agents to enter Plaintiff's home. Although there was no search warrant or eviction warrant, Defendants trespassed and allowed private citizens to trespass on Plaintiff's person, property and Wife.

28. Plaintiff Gill, who committed no crime, could have been released to go home or even to seek medical attention. Instead Plaintiff was told his baseball bat was a weapon and he was being charged with a criminal offense.

29. Denying Plaintiff medical attention for his intensely burning eyes and busted jaw, Defendant Officers took Plaintiff Gill to the 73rd precinct and charged him with possession of a weapon and

6

menacing.

30. Plaintiff Gill was unjustly remanded to Rikers Island and was not released from Jail until 1/27/16. Within 60 days all charges were dismissed.

31. At no time did any of the Defendant Officers attempt to prevent the harm from occurring. This deprivation of Plaintiff's inalienable God Given rights caused excruciating physical, emotional and psychological pain to Plaintiff. Plaintiff still suffers from the trauma of his ordeal every day. Plaintiff continues to have trauma inducing flashbacks of his indignities suffered because of Defendants' actions.

32. Plaintiff believe and therefore alleges, this negligence was intentional and meant to cause a near death experience and emotional distress, lost of family ties, homelessness, humiliation, lost of consortium, embarrassment and alienation from his peers.

## **FIRST CAUSE OF ACTION: 42 U.S.C. § 1983**

33. By this reference, Plaintiff incorporate each and every allegation and Averment set forth in paragraphs 1 through 32 of this complaint as though fully set forth herein.

34. The conduct of Defendant officers, as described herein, amounted to police brutality, trespass, false imprisonment, assault, battery, unlawful entry, malicious abuse of process, failure to intervene, unreasonable detention, warrantless search and seizure, racial profiling, abuse of authority, unlawful entering of private property, harassment, conspiracy, discrimination, selective enforcement, fabrication of probable cause, denial of equal protection of the laws, denial of rights to a fair trail, and malicious prosecution. At every instance, Defendants went beyond the scope of their authority.

35. Such conduct described herein violated plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Defendants went beyond the scope of their authority.

36. Consequently Plaintiff has been damaged and hereby demand compensatory and punitive damages

in an amount to be proven at trail against each of the defendants, individually and severally.

## SECOND CAUSE OF ACTION: FALSE ARREST

37. By this reference, Plaintiff incorporates each and every allegation set forth in paragraphs 1 – 37 of this complaint as though fully set forth herein.

38. Defendants arrested Plaintiff without a warrant or probable cause. Additionally, Plaintiff Gill was shot in the eyes with a high powered stream of peppery chemicals, jumped, restrained, handcuffed and seized for no apparent reason, except for his ethnicity. Defendants could have released Gill after finding out he had committed no crime. Defendants had no right no Seize The People. Defendants' chose to conspire amongst themselves and falsely manufacture a crime.

39. As a proximate result of said conduct, Plaintiff has suffered and continues to suffer bodily injury, extreme mental distress, humiliation and anguish, loss of consortium as well as other physical and emotional injuries, as well as other economical losses, all to their damage in amounts to be proven at trial.

40. Defendants committed the acts alleged herein maliciously and fraudulently and oppressively with the wrongful intention of injuring Plaintiffs from an improper and evil motive, amounting to malice and in conscious disregard of Plaintiffs' rights. Plaintiffs' thus are entitled to recover punitive damages in amounts to be proven at trial.

## THIRD CAUSE OF ACTION: POLICE BRUTALITY AND EXCESSIVE FORCE

41. By this reference, Plaintiff incorporates each and every allegation set forth in paragraphs 1 – 40 of this complaint as though fully set forth herein.

42. Defendants had no reason to be threatened by a harmless man who was trying to call them for `assistance. Plaintiff believes and therefore alleges, his attack was preplanned and premeditated. The response to Plaintiff Gill was outrageous and beyond logic. Defendant Booker had no reason for pointing a firearm at Gill and attempting to murder or maim him and his children and family members. Indeed Defendant Booker did shoot Plaintiff in the face. Plaintiff was then sacked and

8

slammed into his front gate by Defendant Booker and the driver of the NYPD vehicle. Plaintiff sustained permanent and temporary damage and injury. Including but not limited to. Temporary blindness, broken and lost of tooth, trauma, shock, psychological abuse, headaches, flashback episodes, loss of happiness, loss of consortium and lost of liberty. All of the Defendants and co conspirators knew Plaintiff committed no offense, nevertheless Plaintiff was booked and prosecuted maliciously – Plaintiff believes, because of his ethnicity.

43. Consequently, Plaintiff is injured - while continuing to endure the images of his indignities – which are one point in consciousness (Plaintiff feels his trauma as if it was yesterday) – and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

**FOURTH CAUSE OF ACTION:INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

44. By this reference Plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint though fully set forth herein.

45. Defendants, and each of them, engaged in outrageous conduct towards Plaintiff, with the intention to cause or with reckless disregard for the probability of causing Plaintiff to suffer severe emotional distress. To the extent that said outrageous conduct was perpetrated by certain Defendants', the remaining Defendants adopted and ratified said conduct with a wanton and reckless Disregard of the deleterious consequences to Plaintiff.

46. As a proximate result of said conduct, Plaintiff Suffered and continues to suffer extreme mental distress, humiliation, anguish, and emotional and physical injuries as well as economical losses-all to their damage in amounts to be proven at trial.

**FIFTH CAUSE OF ACTION: ASSAULT**

47. By this reference, Plaintiffs' incorporates each and every allegation and averment set forth in paragraphs 1 – 46 of this complaint.

48. Defendants, intending to cause harm did point a firearm at Plaintiff and did threaten to shoot

Plaintiff. Defendants did shoot Plaintiff in the face with a high powered spray gun which projected a stream of blinding and burning chemicals. Defendants did cause Plaintiff severe physical, psychological and emotional scars. Not one day goes by without Plaintiff reliving the psychological scars and images of January 21, 2016.

49. Consequently, Plaintiff is injured - while continuing to endure the images of his indignities – which are one point in consciousness (Plaintiff feels his trauma as if it was yesterday) – and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## SIXTH CAUSE OF ACTION: BATTERY

50. By this reference, Plaintiffs' incorporates each and every allegation and averment set forth in paragraphs 1 through 49 of this complaint.

51. Defendants intentionally used physical force in order to restrain Plaintiff Gill. This physical contact was outrageous and caused harm to Plaintiff Gill. Plaintiff did experience cruel and unusual treatment.

52. As a result of Defendants evil and wanton behavior Plaintiff has been harmed and disabled. To this very day Plaintiffs still suffer emotionally, psychologically, spiritually and physically from the trauma caused by the Defendants' actions.

53. As a direct and proximate result of the misconduct and deprivation of rights guaranteed Plaintiff detailed above, Plaintiff sustained the damages hereinbefore stated.

## SEVENTH CAUSE OF ACTION: 42 U.S.C § 1981 - violation of equal rights under the law-

54. The allegations of paragraphs 1 through 53 are re-alleged and incorporated by reference as is fully set forth herein.

55. Defendants have discriminated against Plaintiff because of his ancestry in Violation of U.S.C. § 1981 and have acted intentionally, willfully, and with reckless disregard for Plaintiff's federally protected civil rights. More pointedly, Plaintiff had a God given right to be left alone. Defendants violence

were meant to disable plaintiff. Defendants used violence on Plaintiff only because he is an American Indian and therefore "Black" in their (Defendants) eyes and mind. Plaintiff and his family were not treated with dignity as were Moshe Khan, Walter Chaim and Myrko Blazime who are suspected illegal immigrants.

56. As a result of the Defendants' actions, Plaintiff has suffered and are contines to suffer great harm and injury, including but not limited to economic loss, humiliation, embarrassment, emotional distress, mental anguish, stress, depression, and the deprivation of the right to be treated on an equal basis with other persons regardless of race and ancestry.

57. Consequently, Plaintiff has been injured - while continuing to endure the lingering images of their indignities - which are one point in consciousness (plaintiffs feel their trauma as if it was yesterday) - and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

### EIGHTH CAUSE OF ACTION: 42 U.S.C. § 1985(3)

58. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set herein.

59. In an effort to dispossess Plaintiffs' of their property, Defendant Officers POM Booker, POM Santiago, SGT Xaing conspired with private parties and other Officers. Defendants did conspire to oust Plaintiff Gill and his family from their homestead by manufacturing a crime and putting Gill away.

60. Without regard for Plaintiff's humanity, Defendants hired each other to deprive The People of their Common law and Natural rights – also of their Fourteenth Amendment right to due process of law. More specifically, Defendants deprived Plaintiff of his rights to equal protection of the law and their right to inherit, possess and acquire property. Plaintiff was treated as an alien – based solely on his race and ethnicity. Plaintiff who is a descendant of the Original cooper colored inhabitants of Brooklyn New York, was not afforded the same immunities as the Civilian co conspirators who were

European Jews and Caribbean. Said private parties were not the owners of Plaintiffs' home. Therefore, Plaintiff was not committing a crime, did not commit a crime – and Defendant officers had no reasonable cause to suspect any crime had been committed by Plaintiff. Conversely, Plaintiff did have probably cause to make a complaint against Walter Chaim (AKA Joseph Feder) and his agent for trespass, stalking, harassment and assault. Plaintiff was not allowed to make a complain with the NYPD and The City of New York. Hence, with Gill incarcerated, Plaintiff's family were left with no means of protecting themselves. Indeed, Plaintiff's Common Law wife was harassed incessantly by Walter Chaim and others – while Gill was held for over six days at Rikers island.

61. Defendants Klanish conduct has injured Plaintiff physically, emotionally, spiritually and psychologically. Plaintiff's injuries are not limited to just their feelings. It (pain and suffering) affects his daily activities and social interactions. Plaintiff has not only lost material and financial opportunities; Plaintiffs' relatives, friends and children have not felt safe when visiting Plaintiffs' home. They also worry for Plaintiff's health.

62. Defendant officers conspired among themselves and conspired with other individuals to intentionally deprive Plaintiff of their constitutional rights secured by 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, because of his race, Ancestry and/or ethnicity, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

63. In light of the foregoing therefore, defendant officers/civilians engaged in a conspiracy designed to deprive Plaintiff of his constitutional and federal rights in violation 42 U.S.C. § 1985. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs sustained the damages hereinbefore stated.

### NINTH CAUSE OF ACTION: MALICIOUS PROSECUTION

64. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set herein.

12

65. Defendants attacked, assaulted, arrested and prosecuted Plaintiff maliciously and without prerequisite probable cause. There was no reasonable grounds to arrest Plaintiff. Defendants had no warrant to search and seize Gill. Defendants should not have kicked Plaintiff's front door down. There was no reason to trespass on Plaintiff's home and property. Plaintiff committed no crime. Nevertheless, Gill was brutalized and his family terrorized.

66. The behavior of the Defendant officers was emphatically uncourteous, unprofessional and disrespectful. Defendants committed the acts alleged herein maliciously, fraudulently and oppressively with the wrongful intention of injuring Plaintiffs'; from an improper and evil motive amounting to malice and in conscious disregard of plaintiffs' rights, entitling Plaintiffs' to recover punitive damages in amounts to be proven at trial.

## **TENTH CAUSE OF ACTION: ABUSE OF PROCESS**

67. By this reference, Plaintiffs' incorporates each and every allegation and averment set forth in paragraphs 1 – 66 of this complaint.

68. Plaintiffs, having intimate knowledge, believe and therefore allege that on 1/21/2016, Defendants Booker and his driver arrived at 2362 Atlantic av. with designs of depriving Plaintiff and his family of their life, liberty and property. Realizing Plaintiff was a private person with standing who committed no crime, Defendants conspired with each other to invent a charge.

69. Defendants', having the ulterior motive of disposing Plaintiffs of their property, abused their authority by criminally prosecuting Plaintiff Gill.

70. As a proximate result of said conduct, Plaintiffs' have suffered and continue to suffer bodily injury, extreme mental distress, humiliation and anguish, loss of consortium as well as other physical and emotional injuries, as well as other economical losses, all to their damage in amounts to be proven at trial.

71. Defendants, taking a position beyond the scope of their authority, committed the acts alleged herein maliciously and fraudulently and oppressively with the wrongful intention of injuring

Plaintiffs from an improper and evil motive, amounting to malice and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages in amounts to be proven at trial.

### ELEVENTH CAUSE OF ACTION: FALSE IMPRISIONMENT

72. By this reference, Plaintiffs' incorporates each and every allegation set forth in paragraphs 1 – 71 of this complaint as though fully set forth herein.

73. Defendants violated Plaintiff's personal liberty by acting in a manner that had the effect of confining Plaintiff against his will and limiting contact with the outside world. The Defendants accomplished this restraint thru expressed and implied threats of physical force and the acting in a manner which had the effect of threatening harm to Plaintiff.

74. Additionally, Plaintiff Gill was shot in the eyes with a pepper stream gun, restrained, handcuffed and arrested for attempting to prevent strangers, including Defendant NYPD agents from entering his abode - an unalienable right to protect his house, papers and effects from unreasonable search and seizure.

75. As a proximate result of said conduct, Plaintiff has suffered and continue to suffer bodily injury, extreme mental distress, humiliation and anguish, loss of consortium as well as other physical and emotional injuries, as well as other economical losses, all to their damage in amounts to be proven at trial.

76. Defendants committed the acts alleged herein maliciously and fraudulently and oppressively with the wrongful intention of injuring Plaintiffs from an improper and evil motive, amounting to malice and in conscious disregard of Plaintiff's rights. Plaintiffs is entitled to recover punitive damages in amounts to be proven at trial.

### TWELFTH CAUSE OF ACTION: TRESPASS TO REAL PROPERTY

77. The allegations of paragraphs 1 through 76 are re-alleged and incorporated by reference as if fully set forth herein.

78. Upon inheriting 2362 Atlantic av. 11212 Kings County in 2006, Plaintiff Gill had exclusive rights

14

to his home. This includes the Commercial and residential Parts known as Block 1436 Lot 22, This also includes all mechanical, agricultural and personal possessions.

79. Defendants did enter Plaintiffs abode without permission. Defendants did enter Plaintiffs Abode without law and probable cause.

80. Whitley as co-owner had exclusive right to her property. Upon entering Plaintiff's home, Defendants Violated Plaintiff's inalienable right to privacy. Defendants then allowed strangers to enter and scope out Plaintiff's homestead.

81. Defendant officers have acted intentionally, willfully, and with reckless disregard for Plaintiffs rights to exclusive possession of their homestead, as a result Plaintiffs are entitled to actual and punitive damages in an amount to be determined at trial.

### THIRTEENTH CAUSE OF ACTION: 18 U.S. Code § 242

82. By this reference, Plaintiffs' incorporates each and every allegation and averment set forth in paragraphs 1 – 81 of this complaint.

83. Defendants willfully deprived Plaintiff of joy, liberty, and Property because of their his ethnic background and/or Race. Defendants accomplished this deprivation by using firearms and deadly weapons. Such acts included kidnapping, false imprisonment, assault, battery and other threats of violence.

84. As a direct and proximate result of the egregious conduct and deprivation of rights guaranteed to Plaintiff detailed above, Plaintiff sustained the damages hereinbefore stated.

### FOURTEENTH CAUSE OF ACTION: 42 U.S.C § 1981 - violation of equal rights under the law-

85. The allegations of paragraphs 1 through 84 are re-alleged and incorporated by reference as is fully set forth herein.

86. Defendants have discriminated against Plaintiffs because of their race in Violation of U.S.C. § 1981 and have acted intentionally, willfully, and with reckless disregard for Plaintiff's federally protected civil rights. Gill who is American Indian was not afforded the dignity and common courtesy given to

Moshe Khan, Walter haim and Myrko Bazlime – all of whom are suspected illegal immigrants.

87. As a result of the Defendants' actions, Plaintiff has suffered and is continuing to suffer great harm and injury, including but not limited to economic loss, humiliation, embarrassment, emotional distress, mental anguish, stress, depression, and the deprivation of the right to be treated on an equal basis with other persons regardless of race and ancestry.

88. Consequently, Plaintiff has been injured - while continuing to endure the lingering images of his Indignities suffered - which are one point in consciousness (Plaintiff feels his trauma as if it was yesterday) - and hereby demand compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

## FIFTEENTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

89. By this reference, Plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 – 88 of this complaint as though fully set forth herein.

90. All Defendants and each of them knew or reasonably should have known that the conduct described herein would and did proximately result in physical and emotional distress to Plaintiff.

91. At all relevant times, all defendants, and each of them, had the power, ability, authority, and duty to stop engaging in the conduct described herein and/or to intervene to prevent or prohibit said conduct.

92. Despite said knowledge, power and duty, Defendants negligently failed to act so as to stop engaging in the conduct described herein and/or prevent or prohibit such conduct or otherwise protect Plaintiff. To the extent that such said negligent conduct was perpetrated by certain Defendants, the remaining Defendants confirmed and ratified said conduct with the knowledge that Plaintiff's emotional and physical distress would thereby increase, and with a wanton and reckless disregard for the deleterious consequences to Plaintiff.

93. As a direct and proximate result of Defendants negligent conduct, Plaintiff has suffered and

continues to suffer serious emotional distress, loss of enjoyment of life, anguish, emotional and physical injuries, and loss of consortium, as well as economic losses all to their damage in amounts to be proven at trial.

### SIXTEENTH CAUSE OF ACTION: LOSS OF CONSORTIUM

94. By this reference, Plaintiffs' incorporates each and every allegation and averment set forth in paragraphs 1 – did 93 of this complaint.

95. Defendants, by holding Gill captive for over 150 hours, caused Plaintiff Gill and his Wife to experience much pain and suffering. The deprivation of Gill's presence in the home caused Whitley to experience "nervous episodes" of trepidation, physical discomfort, annoyance, and emotional distress.

96. Because of the Defendants conspiracy to separate Gill from his wife, Plaintiff has suffered and continues to suffer from loss of intimate relations due to frigidity caused by his humiliating ordeal. Because of the actions of the Defendants, Whitley has left town sighting its not safe for her child. Because of the actions of the Defendants, Plaintiff's ex wife will not allow his older children to visit his home.

97. As a result of the Defendants' intentional actions, Plaintiff's relationships has been disabled. The People have suffered and are continuing to suffer great harm and injury, including but not limited to economic loss, humiliation, embarrassment, emotional distress, mental anguish, stress, depression, and the deprivation of ones inalienable right to life liberty and the pursuit of happiness.

### SEVENTEENTH CAUSE OF ACTION: ABUSE OF AUTHORITY

98. By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 97 of this complaint as though fully set forth herein.

99. Defendants who were/are employed by the People to protect the common law interest of the People and Citizens. Nevertheless, the Defendants have used their authority to harass, threaten, assault, manipulate and terrorize the People of the land. Defendants took part in a conspiracy

 designed to oust Plaintiff and his family from their home. Plaintiff believes and therefore alleges this conspiracy began on or around November 1, 2014.

100. As a direct and proximate result of Defendants negligent conduct, Plaintiff has suffered and continues to suffer serious emotional distress, loss of enjoyment of life anguish, emotional and physical injuries, and loss of consortium, as well as economic losses all to their damage in amounts to be proven at trial.

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## PRAYER FOR RELIEF

Plaintiffs' respectfully pray for judgement as follows:

 a. For a restraining/protection order barring defendants from contacting plaintiffs' in all areas of people activity.

 b. For compensatory damages against all defendants in an amount to be proven at trial;

 c. For exemplary and punitive damages against all defendants in an amount to be proven at trial

 d. For all cost of plaintiffs' theoretical time spent, preparation and execution of complaint (this includes labor, the cost of copies,

  notarized affidavits, certified mail, police reports, ink, transportation, ect.)

 e. For such other and further relief that the court deems proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiffs' demand a trial by jury.

**I declare under penalty of perjury that the foregoing is true and correct.**

EXECUTED this 30th of July 2019. *K.G.*

Kevin Gill

Signature of Plaintiff(s): _(signed)_ (K.G.)

1519 E. New York av.

Brooklyn, NY, 11212

Kevin Gill
1519 E. New York Av
Bklyn, N.Y. 11212

RECEIVED
AUG 06 2019
PRO SE OFFICE

Hon. Sanket J. Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

RECEIVED
AUG 06 2019
PRO SE OFFICE