UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEVIN GILL,

                        Plaintiff,

      -against-

POLICE OFFICER MALES - BOOKER, SANTIAGO,
SHIVA SOMRA #955521, RENE BERSAMIM #932327,
DOMINIK MALLAMACI #940410, SERGEANT SCOTT
HAUG 920128, SERGEANT JOSEPH VERDERBER
#939652, SGT. ZAING, 1-3 JANE DOE(S) (*of the
73rd Precinct*)

                       Defendants.
-----------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
19-CV-142-LDH-SJB

**BULSARA, United States Magistrate Judge:**

      On January 3, 2019, Plaintiff Kevin Gill ("Gill"), proceeding *pro se* and *in forma pauperis*, brought this action against Police Officers Santiago Booker, Shiva Somra, Rene Bersamim, and Dominik Mallamaci; Sergeants Scott Haug, Verderber, and Zaing; and Jane Does # 1–3 (collectively, "Defendants"). (Compl. dated Jan. 3, 2019, Dkt. No. 1; Am. Compl. dated Aug. 6, 2019, Dkt. No. 21). Gill alleges a number of causes of action arising from his arrest on January 21, 2016, related to a property dispute, including violations of his constitutional rights and other rights under 42 U.S.C. §§ 1981, 1983, and 1985 and 18 U.S.C. § 242; false arrest; police brutality and excessive force; assault; battery; malicious prosecution; abuse of process; false imprisonment; trespass to real property; negligent infliction of emotional distress; loss of consortium; and abuse of authority. (*See* Am. Compl.).

      Since filing the Amended Complaint on August 6, 2019, Gill has been absent from this case and has failed to comply with multiple court orders. As of October 30, 2019, Gill had still not provided a response to Defendants' First Set of Interrogatories and

Request for Production of Documents, even though they were served in June. (Defs.' Mot. to Compel dated Oct. 30, 2019, Dkt. No. 26 at 1; Letter from Stephanie De Angelis to Kevin Gill dated Sept. 17, 2018, Dkt. No. 23 at 1). Gill failed to appear at a status conference scheduled for September 30, 2019. (Order to Show Cause dated Sept. 30, 2019 ("Sept 30 Order to Show Cause"), Dkt. No 24). Gill compounded this by failing to explain his non-appearance, despite warnings that his case may be dismissed if he did not. (*Id.*). Gill then failed to appear at a status conference set for November 14, 2019, again, despite warnings that his case may be dismissed. (Min. Entry dated Nov. 14, 2019).

For these reasons and those described below, the Court recommends an order be entered dismissing Gill's claims with prejudice for two reasons: (1) failure to abide by this Court's orders; and (2) failure to prosecute.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of Gill's arrest related to a dispute about who owned the property at which Gill resided. (Am. Compl. ¶ 21). Proceeding *pro se* and *in forma pauperis*, Gill commenced this suit on January 3, 2019, alleging violation of his rights during the course of his arrest on January 21, 2016, by the Defendants. (Compl. ¶ 21–32).

On January 28, 2019, the Court granted Gill's request to proceed *in forma pauperis* and requested that the Corporation Counsel of the City of New York ascertain information about Defendants in accordance with *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam). (Order dated Jan. 28, 2019, Dkt. No. 4 at 1). Defendants filed an Answer to the Complaint on May 3, 2019. (Answer dated May 3, 2019, Dkt. No 16).

An in-person initial conference was held on June 14, 2019. (Min. Entry & Order

dated June 14, 2019). Gill was present. The Court set deadlines for Defendants to identify any additional female officers involved in the incident in question, for Gill to move to amend to add any additional defendants, and for the close of discovery, which was October 4, 2019, and was later extended to December 3, 2019. (*Id.*; Order dated Sept. 18, 2019). The Court also set an in-person status conference for October 3, 2019, and mailed a copy of the docket sheet with the order scheduling the conference to Gill.[1] (Min. Entry & Order dated June 14, 2019).

On June 23, 2019, the Court granted Defendants' motion for extension of time to determine whether any female officers were involved in the incident in question, and the Court subsequently mailed a copy of the docket sheet reflecting this order to Gill. (Order dated June 23, 2019). Defendants later wrote to the Court explaining it identified one female officer involved in the incident. (Letter from Stephanie De Angelis to the Hon. Sanket J. Bulsara dated July 2, 2019, Dkt. No. 20 at 1). Gill filed an Amended Complaint on August 6, 2019, (Am. Compl. dated Aug. 6, 2019, Dkt. No. 21), and Defendants answered on August 20, (Answer dated Aug. 20, 2019, Dkt. No. 22).

On September 17, 2019, Defendants filed a motion for extension of time to complete discovery. (Mot. for Extension of Time to Complete Discovery dated Sept. 17, 2019, Dkt. No. 23). Defendants attached a letter that Defense Counsel had sent to Gill stating that Gill still had not provided responses to their First Set of Interrogatories and Request for Production of Documents, which were served on June 14, 2019. (Letter from Stephanie De Angelis to Kevin Gill dated Sept. 17, 2019, Dkt. No. 23). Counsel

---

[1] The Court's practice is to periodically mail the entire docket sheet, which reflects all orders issued in the case to-date, to *pro se* parties. The Court followed this practice in this case, as reflected herein.

3

stated that Gill was required to provide responses by July 22, 2019, but still had not done so. (*Id*. at 1). Counsel provided Gill with a phone number at which Gill could reach counsel to confer. (*Id*.).

The October status conference was rescheduled by Order dated September 18, 2019, to three days earlier, September 30, 2019. (Re-Scheduling Order dated Sept. 18, 2019). A copy of the docket sheet reflecting the Court's Re-Scheduling Order was mailed to Gill.

Gill did not appear for the status conference on September 30, 2019. (Sept. 30 Order to Show Cause at 1). The Court directed Gill "to show cause, that is to explain, why he failed to appear at [the] conference." (*Id*.). The Court warned that "[s]hould Mr. Gill fail to respond to the Court, the Court may dismiss this case pursuant Rules 37 and 41." (*Id*.). In the same order, the Court also scheduled another status conference for November 14, 2019. (*Id*.). Again, the Court warned that "[s]hould Mr. Gill fail to appear at this scheduled status conference, the Court may also impose a sanction of dismissal of his case." (*Id*.). In addition, the Court directed Gill "to provide a working phone number to the pro se office so that the Court may contact him if necessary." (*Id*.). The Court directed Defendants to serve this order on Gill and provide proof of service on ECF. (*Id*. at 2). Defendants did so. (Aff. of Serv. of Stephanie De Angelis dated Oct. 1, 2019 ("Order to Show Cause Aff. of Serv."), Dkt. No. 25). The Court also mailed a copy of the docket sheet and a copy of the Order to Show Cause to Gill.

Defendants filed a motion to compel Gill to produce "responses to Defendants' First Set of Interrogatories and Request for Production of Documents and corresponding executed releases by a date certain[.]" (Mot. to Compel dated Oct. 30, 2019, Dkt. No. 26 at 1). Gill was served with the motion to compel, (Aff. of Serv. of

4

Stephanie De Angelis dated Oct. 30, 2019, Dkt. No. 27), but Gill did not file any response.

Gill failed to appear for the status conference on November 14, 2019. (Min. Entry dated Nov. 14, 2019). The Court subsequently mailed to Gill a copy of the docket sheet with the Court's November 14 Minute Entry that noted Gill's failure to appear.

As of the date of this Report and Recommendation, Gill has failed to respond to the Order to Show Cause, provide a working telephone number, respond to the motion to compel, respond to discovery requests, and prosecute his case by serving a single discovery demand.[2]

## DISCUSSION

I.  Dismissal with Prejudice under Rules 16(f) and 37(b)

"A court has the inherent power to supervise and control its own proceedings and to sanction counsel or a litigant . . . for disobeying the court's orders[.]" *Mickle v. Morin*, 297 F.3d 114, 125 (2d Cir. 2002). "The imposition of sanctions pursuant to Rule 37 (and . . . Rule 16(f)) is a matter committed to the sound discretion of the District Court." *Neufeld v. Neufeld*, 172 F.R.D. 115, 118 (S.D.N.Y. 1997). The purpose of such sanctions, including dismissal, is "not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49–50 (2d Cir. 1994) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). The Court recommends that Gill's claims be dismissed with prejudice because he has repeatedly failed to appear at pretrial conferences and to

---

[2] The record is devoid of any evidence that Gill has served any discovery demands.

5

comply with court orders.

A court may sanction a party for failing to appear—either at a court conference or as the court directs. Rule 16(f)(1)(A) of the Federal Rules of Civil Procedure provides that a "court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)–(vii), if a party . . . fails to appear at a scheduling or other pretrial conference." Fed. R. Civ. P. 16(f)(1)(A). A court also has the ability to sanction a party for failing to abide by any of its orders. Fed. R. Civ. P. 16(f)(1)(C) (permitting sanctions where party "fails to obey a scheduling or other pretrial order"); *Martin v. Giordano*, 185 F. Supp. 3d 339, 354 (E.D.N.Y. 2016) ("When a party or its attorney engages in conduct proscribed by Rule 16(f), the court may issue any just orders." (quotations omitted)); *Advanced Analytics, Inc. v. Citigroup Glob. Mkts., Inc.*, 301 F.R.D. 31, 35 (S.D.N.Y. 2014) ("Rule 37(b)(2)(A)(ii)–(vii), which Rule 16(f) references, sets forth a non-exclusive list of sanctions a court may impose against a party for failing to comply with a court order[,]" including dismissal.). "The court need not find that a party or litigant acted in bad faith as a prerequisite to imposing sanctions under Rule 16(f); [r]ather, the fact that a party violated a pretrial order is sufficient to allow a Rule 16 sanction." *Giordano*, 185 F. Supp. 3d at 354 (quotations omitted).

Here, Gill failed to appear at two pretrial conferences and failed to obey two separate court orders. First, he failed to appear at the status conference scheduled for September 30, 2019, despite being mailed a copy of the orders scheduling and re-scheduling the conference. (Min Entry & Order dated June 14, 2019; Re-Scheduling Order dated Sept. 18, 2019). Gill then failed to file a letter to show cause and explain his reasons for missing the September 30 conference, despite being mailed a copy of the Order directing him to do so. (*See* Sept. 30 Order to Show Cause; Order to Show Cause

Aff. of Serv. at 1). Gill also failed to provide the pro se office with a working phone number, despite this directive being in the same Order of which he was mailed a copy. (Sept. 30 Order to Show Cause; Order to Show Cause Aff. of Serv. at 1). On November 14, 2019, Gill, despite service, failed to appear for another status conference. (Min Entry dated Nov. 14, 2019). He never filed any submission to request an adjournment or explain this or the previous absence. These repeated failures warrant sanctions under both Rule 16(f)(1)(A) (failure to appear at a scheduling or other pretrial conference) and 16(f)(1)(C) (failure to obey a scheduling or other pretrial order). *See, e.g.*, *Johnson v. New York City*, No. 14-CV-4278, 2015 WL 12999661, at *1 (E.D.N.Y. Jan. 12, 2015) (recommending dismissal under Rules 16(f) and 37(b)(2)(A)(v) for lateness and failure to appear at two court-ordered conferences), *report and recommendation adopted*, 2015 WL 12990999 (Feb. 2, 2015), *aff'd*, 646 F. App'x 106 (2d Cir. 2016).

The sanctions for such misconduct—whether it be a failure to appear or abide by a court order—include dismissal. *See* Fed. R. Civ. P. 16(f) (adopting the sanctions authorized by Rule 37(b)(2)(A)(v)); *see* Fed. R. Civ. P. 16 advisory committee's note to 1983 amendment ("Rule 16(f) incorporates portions of Rule 37(b)(2), which prescribes sanctions for failing to make discovery."); *Fonar Corp. v. Magnetic Plus, Inc.*, 175 F.R.D. 53, 55 (S.D.N.Y. 1997) (collecting cases) ("[T]he standards to be applied in imposing sanctions under Rule 16 are identical to the familiar standards contained in Rule 37."). Such a dismissal may be with prejudice. *See Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009) ("[A]ll litigants . . . have an obligation to comply with court orders, and failure to comply may result in sanctions, including *dismissal with*

*prejudice.*") (citations and quotations omitted) (emphasis added).[3] "[D]ismissal with prejudice is a harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Id.* (quotations omitted).

The Court considers several factors in determining whether to impose a sanction of dismissal with prejudice: "(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance." *Id.* (quotations omitted); *accord S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010). "[T]hese factors are not exclusive, and they need not each be resolved against" the non-compliant party for dismissal to be appropriate. *S. New England Tel. Co.*, 624 F.3d at 144. Ultimately, the Court must conclude under all of the circumstances whether dismissal would be "just." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007). "[T]he district court 'is free to consider the full record in the case'" in making this determination. *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 308 F.R.D. 113, 120 (S.D.N.Y. 2015) (quoting *S. New England Tel. Co.*, 624 F.3d at 144). The balance of factors here justifies the dismissal with prejudice of Gill's claims.

---

[3] *Pro se* litigants are afforded leeway when it comes to litigation noncompliance; however, "[t]he sanction of dismissal 'may be imposed even against a plaintiff who is proceeding *pro se*, so long as warning has been given that noncompliance can result in dismissal.'" *Johnson*, 2015 WL 12999661, at *1 (quoting *Valentine*, 29 F.3d at 49); *see Agiwal*, 555 F.3d at 302 ("*Pro se* litigants, though generally entitled to special solicitude before district courts, are not immune to dismissal as a sanction for noncompliance with discovery orders.") (citations and quotations omitted). Despite Gill's status as a *pro se* litigant, his claims should still be dismissed because he has not given this Court any indication that he intends to cure his failures to obey court orders.

A.  <u>Willfulness</u>

Noncompliance is willful where the party has received notice of a court's orders and repeatedly failed to comply. *See Coach Inc. v. O'Brien*, No. 10-CV-6071, 2011 WL 6122265, at *3 (S.D.N.Y. Nov. 28, 2011) ("The Court deems the noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply."), *report and recommendation adopted and modified on other grounds*, 2012 WL 1255276 (Apr. 13, 2012). "[T]his factor as formulated by the Second Circuit is not just willfulness, but the willfulness of the non-compliant party *or the reason for non-compliance. . . .* [T]he Second Circuit's inclusion of the latter phrase recognizes that dismissal may be warranted even in the absence of such open defiance." *Jin Fang Luo v. Panarium Kissena Inc.*, No. 15-CV-3642, 2019 WL 360099, at *5 (E.D.N.Y. Jan. 11, 2019) (quotations omitted), *report and recommendation adopted*, 2019 WL 356939 (Jan. 29, 2019).

Gill failed to comply with two court orders and failed to appear at two conferences. (*See* Sept. 30 Order to Show Cause; Min. Entry dated Nov. 14, 2019). Gill was served with copies of the Court's orders. (Order to Show Cause Aff. of Serv.). As such, he was aware of the obligations, and his failure to comply is willful. *See, e.g.*, *Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3193, 2018 WL 3104456, at *8 (E.D.N.Y. May 16, 2018) ("Having received these multiple notices, Rosemarie Lopa had other options besides appearing or responding as directed. She could have written to the Court seeking an adjournment or extension of time to respond; or retained counsel, as she had previously done, to appear or respond on her behalf. Having done none of these things and having failed to appear or respond personally, the only conclusion to be drawn is that her disregard of the Court's orders was willful."), *report and*

9

*recommendation adopted*, 2018 WL 3019875 (June 18, 2018) and 2018 WL 3094940 (June 22, 2018); *Coach Inc.*, 2011 WL 6122265, at *3 ("The Court deems noncompliance willful given that these orders were mailed directly to [defendant's] address, and yet she repeatedly failed to comply.").

> B. <u>Efficacy of Lesser Sanctions</u>

A sanction less than dismissal would not be effective in this case. When it is apparent a plaintiff has abandoned the action, "[t]he Court need not afford [him] unlimited opportunities to appear," and "[n]o lesser sanction than dismissal is appropriate under these circumstances." *Bey v. Gursky*, No. 17-CV-6447, 2018 WL 1611665, at *2 (E.D.N.Y. Mar. 15, 2018), *report and recommendation adopted*, 2018 WL 1611377 (Apr. 3, 2018).

The record suggests no reason to believe that a lesser sanction, such as a monetary fine or a sanction short of dismissal, would encourage Gill to reengage in this litigation, especially given his repeated failure to abide by prior court orders warning that his case could be dismissed should he fail to comply. (Sept. 30 Order to Show Cause at 1 ("Should Mr. Gill fail to respond to the Court, the Court may dismiss this case pursuant Rules 37 and 41. . . . Should Mr. Gill fail to appear at this scheduled status conference, the Court may also impose a sanction of dismissal of his case.")). His failure to communicate with the Court and to provide the pro se office with a working telephone number make any additional efforts by the Court to communicate with him (*e.g.*, to ensure he receives an order directing the payment of fees) futile. At this point, given the multiple opportunities afforded to Gill to participate in the case, the Court has no reason to believe any sanction other than dismissal is appropriate. *See, e.g.*, *Dungan v. Donahue*, No. 12-CV-5139, 2014 WL 2941240, at *4 (E.D.N.Y. June 30, 2014)

10

(adopting report and recommendation) (dismissing case for failure to abide by court orders and noting "in light of plaintiff's ongoing unresponsiveness to the Court, no sanctions other than dismissal would be effective. The record presents no reason to believe that a monetary fine or other sanction short of dismissal would inspire in plaintiff the dedication to this litigation that he currently lacks[.] . . . This case therefore presents an example of extreme circumstances warranting the harsh remedy of dismissal[.]"); *Gordon v. Peralta*, No. 10-CV-5148, 2012 WL 2530578, at *2 (E.D.N.Y. June 11, 2012) (dismissing case for failure to abide by court orders and noting "the Court has tried the lesser sanction of . . . warning [plaintiff] of possible dismissal to no avail. Requiring defendant's counsel to appear again or imposing lesser sanctions on plaintiff would be futile at this juncture.") (citations and quotations omitted), *report and recommendation adopted*, 2012 WL 2530106 (June 29, 2012).

    C.    <u>Duration</u>

The duration of Gill's noncompliance warrants dismissal. "[D]urations of time as brief as a few months have been held to weigh in favor of dispositive sanctions." *Local Union No. 40 of the Int'l Ass'n of Bridge, Structural and Ornamental Iron Workers v. Car-Win Constr.*, 88 F. Supp. 3d 250, 265 (S.D.N.Y. 2015) (collecting cases) (adopting report and recommendation); *see also Chavis v. City of New York*, No. 17-CV-9518, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018) ("There is no absolute measure by which to determine whether a delay in prosecution is of 'significant duration.'"), *report and recommendation adopted*, 2018 WL 6528238 (Dec. 11, 2018).

Gill has failed to comply with court orders since late September 2019, beginning with his failure to appear at the September 30 status conference. (Sept. 30 Order to Show Cause). This period of non-compliance and absence is sufficient to warrant

dismissal. *See, e.g.*, *Yadav v. Brookhaven Nat. Lab.*, 487 F. App'x 671, 673 (2d Cir. 2012) ("Although Mr. Yadav's dilatory conduct extended for only three months, we have noted that a delay of a 'matter of months' can potentially warrant dismissal."); *Chavis v. City of New York*, No. 17-CV-9518, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018) ("[T]he delay in the prosecution of this action is solely attributable to plaintiff, and has now persisted for four months, calculated from the date on which his discovery responses were due. . . . [P]laintiff has failed and refused to comply with his discovery obligations for a full four months, during which period he has also failed to update his mailing address as required and ignored a voicemail from defendants' counsel, two letter-applications seeking relief against him, and two Orders of this Court requiring him to respond to those applications or face dismissal. Under the circumstances presented here, that is long enough."), *report and recommendation adopted*, No. 17-CV-9518, 2018 WL 6528238 (Dec. 11, 2018).

D. <u>Notice</u>

Gill has received sufficient notice to justify dismissal of his claims. "[T]he Second Circuit has repeatedly upheld dismissal as an appropriate sanction where the non-compliant parties were warned of the possibility." *Local Union No. 40*, 88 F. Supp. 3d at 266 (quotations omitted). Gill was warned twice that failure to appear or comply with court orders could result in dismissal. (*See* Sept. 30 Order to Show Cause, *supra* at 10). These orders were served on Gill by Defense Counsel, (Order to Show Cause Aff. of Serv.), and separately mailed to him by the Court.

This notice is sufficient to permit dismissal.[4] *See, e.g., Cadet v. ADP, Inc.*, No. 11-CV-3240, 2013 WL 6058918, at *8 (E.D.N.Y. Nov. 14, 2013) (adopting report and recommendation) ("Plaintiff has been explicitly warned . . . that his case would be dismissed if he failed to appear for court conferences."); *Martin v. Metro. Museum of Art*, 158 F.R.D. 289, 292–93 (S.D.N.Y. 1994) (adopting report and recommendation) (finding it "clear," after one warning by the court, that "plaintiff received adequate notice that his failure [to comply with a court order] would result in dismissal").

All four factors discussed above, therefore, warrant dismissal with prejudice of Gill's claims, pursuant to Rule 37(b)(2)(A)(v), for his violations of Rules 16(f)(1)(A) and 16(f)(1)(C).

## II. Dismissal with Prejudice for Failure to Prosecute

There is a separate basis to dismiss Gill's claims—his failure to prosecute his case. Rule 41(b) provides for dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order[.]" Fed. R. Civ. P. 41(b). A dismissal for failure to prosecute may be ordered *sua sponte*. *Berland v. Frankel*, No. 14-CV-6070, 2016 WL 9127491, at *4 (E.D.N.Y. Dec. 1, 2016) (citing *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001)), *report and recommendation adopted*, No. 14-CV-6070, 2017 WL 2543944 (E.D.N.Y. June 12, 2017). "A dismissal for failure to prosecute is committed to the court's sound discretion," and such a dismissal may be with prejudice.

---

[4] None of the orders sent to Gill were returned undeliverable. Even if Gill may have moved, without providing any forwarding address or means of contact, he would not be entitled to continue with his case. "[I]t is plaintiff's obligation to notify the Court of any change in address." *Gordon*, 2012 WL 2530578, at *2; *see, e.g., Islam v. Athlete's Needs, Inc.*, No. 18-CV-1562, 2018 WL 5781228, at *1 (E.D.N.Y. Sept. 5, 2018) (finding the warning adequate to justify dismissal when order was sent to plaintiff and never returned as undelivered), *report and recommendation adopted*, 2018 WL 5777020 (Nov. 1, 2018).

*Jin Fang Luo*, 2019 WL 360099, at *2; *see, e.g.*, *Kaur v. Royal Arcadia Palace, Inc.*, No. 05-CV-4725, 2007 WL 4276837, at *3 (E.D.N.Y. Nov. 30, 2007) (adopting report and recommendation) (dismissing plaintiff's claims with prejudice under Rule 41(b)).

Courts in this Circuit consider five factors when deciding whether to grant a defendant's motion to dismiss under Rule 41(b) for failure to prosecute:

> (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Jin Fang Luo*, 2019 WL 360099, at *2 (citing *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004)); *see also Lopa v. Safeguard Props. Mgmt., LLC*, No. 14-CV-3324, 2018 WL 3019875, at *1 (E.D.N.Y. June 18, 2018) (adopting report and recommendation). These factors overlap with many of the factors for a Rule 37(b) dismissal. "Because of the substantial overlap between the factors commonly used to decide whether to dismiss an action under Rule 41(b) and under Rule 37(b)(2)(A), [there is] no need to repeat [the] discussion of redundant factors in detail." *Dungan*, 2014 WL 2941240, at *6. The Court therefore proceeds to discuss only the third and fourth factors in this analysis. *See Lopa*, 2018 WL 3019875, at *2 (dismissing claims under Rules 16(f) and 37 and addressing the third and fourth factors of the Rule 41 analysis for the sake of completeness).

As to the third factor—prejudice to defendants—courts have found dismissal appropriate "when a party has become completely inaccessible, as inaccessibility strongly suggests that [plaintiff] is not diligently pursuing [his] claim." *Caussade v. United States*, 293 F.R.D. 625, 630 (S.D.N.Y. 2013) (quotations omitted). "Where a

14

plaintiff has become inaccessible for months at a time, courts presume prejudice." *Id.*; *see, e.g.*, *Dong v. United States*, No. 02-CV-7751, 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004) ("[T]he very fact that Dong has been inaccessible for the last two months—without notifying the Court, the Government, or the Pro Se Office of a change of address—strongly suggests that he is not diligently pursuing this claim. Dong's totally unexplained disappearance is manifestly unreasonable and therefore presumptively prejudices the Government.") (citations omitted).

Gill's non-responsiveness to Defendants' discovery requests and attempts to communicate, as well as his repeated failure to attend conferences and failure to comply with court orders, has presumptively prejudiced Defendants. Defendants served discovery demands on Gill in June 2019, and he still has not provided responses, more than six months later. (*See* Mot. to Compel dated Oct. 30, 2019, Dkt. No. 26). Defendants took steps after serving the demands to attempt to communicate with Gill including sending a follow-up letter and a second copy. (*See id.* at 1–2). Defendants have been under the specter of liability for a year, in which the entire discovery period—some six months—has elapsed without Plaintiff serving a single discovery demand or responding to one. Although he filed an Amended Complaint in August, he has taken no action since that date, even to provide the Court with a phone number or address where he may be contacted. At this point, the prejudice from the pending, but still nascent, litigation is substantial and justifies dismissal. *See, e.g.*, *Lopa*, 2018 WL 3019875, at *2 ("Defendants' inability to collect information that would enable them to determine the viability of potential defenses and/or arrive at a view as to their potential exposure would certainly prejudice them."); *Schwed v. Gen. Elec. Co.*, 193 F.R.D. 70, 72 (N.D.N.Y. 2000) ("Because plaintiffs' chronic inaction has interfered with defendant's attempt to

prepare its case, and because further delay will exacerbate these hardships, the Court concludes that defendant will indeed be prejudiced by further delay.").

As to the fourth factor—balance of interests—the Court must consider Gill's due process interests against its own interest in managing the docket. *Dungan*, 2014 WL 2941240, at *6. "In deciding this factor, the Court must strike a 'balance between district court calendar congestion and the plaintiff's right to an opportunity to be heard.' The efficient administration of justice requires that a court effectively manage its docket, guaranteeing that its cases progress with appropriate speed." *Langdell v. Hofmann*, No. 05-CV-174, 2006 WL 3813599, at *4 (D. Vt. Dec. 27, 2006) (quoting *Drake*, 375 F.3d at 257) (citations omitted). The Court has repeatedly invested its time addressing Gill's failures to appear and has given him several opportunities to pursue his claims. The Court has tried in vain to have Gill contact the Court with updated contact information. The course of conduct—or the lack thereof—in prosecuting the case therefore weighs in favor of dismissal. *See, e.g.*, *Dungan*, 2014 WL 2941240, at *6 ("[B]alancing the Court's interest in managing its docket against plaintiff's interest in receiving a fair chance to be heard militates in favor of dismissal. It is not the duty of the Court . . . to contact plaintiffs and to urge or require them to prosecute this action. By abandoning any effort to prosecute his case, plaintiff has demonstrated that he has no interest in being heard.") (citations and quotations omitted); *see also Langdell*, 2006 WL 3813599, at *5 ("Because Langdell has made no effort over the last year to prosecute his case, it is unfair to the numerous other litigants awaiting the Court's attention to permit this suit to remain on the Court's docket.") (citations omitted).

Therefore, in addition to dismissal under Rules 16(f) and 37(b)(2)(A)(v), Gill's claims should be dismissed with prejudice for failure to prosecute.

CONCLUSION

For the reasons stated above, the Court respectfully recommends that the an order be issued and Gill's claims be dismissed with prejudice for failure to abide by court orders and failure to prosecute.

Any objections to the Report and Recommendation above must be filed with the Clerk of the Court within 14 days of service of this Report and Recommendation. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate[ ] [judge's] report operates as a waiver of any further judicial review of the magistrate[ ] [judge's] decision.").

Defendants shall serve a copy of this Report and Recommendation on Gill at his last known address, and to any other electronic contact information for Gill known to Defendants, and file proof of such service in the record within 14 days of the date of this Report and Recommendation.

SO ORDERED.

*/s/ Sanket J. Bulsara* Dec. 20, 2019
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York